UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA
FOR THE USE AND BENEFIT OF
LMC INDUSTRIAL CONTRACTORS, INC.,

Plaintiff,

**COMPLAINT**

-vs-

Civil Action No.

FKI LOGISTEX INTEGRATION INC. and
TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA,

Defendants.

_____

Plaintiff The United States of America f/u/b/o LMC Industrial Contractors, Inc. ("LMC"), by its attorneys, Harris Beach PLLC, as and for its Complaint, alleges as follows:

### NATURE OF ACTION

1.    In this action, LMC seeks to recover an amount currently ascertained to equal or exceed the sum of $736,518.62, plus interest, costs and disbursements, arising out of the Defendants' failure to make payment to LMC in connection with the construction project commonly known as construction of the Airline Receiving Concourse and Tray Mail Takeaway Transport Conveyor at the New York International Service Center at JFK Airport (the "Project").

### PARTIES

2.    LMC is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 2060 Lakeville Road, Avon, New York 14414.

3.    Upon information and belief, Defendant FKI Logistex Integration Inc. ("FKI") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 5384 Poplar Avenue, Memphis, Tennessee 38119.

4.    Upon information and belief, Defendant Travelers Casualty and Surety Company of America ("Travelers") is an insurance and surety company organized and existing under the laws of the State of Connecticut with a principal place of business at One Tower Square, Hartford, Connecticut 06183.  Travelers was, at all relevant times herein, authorized to issue surety bonding in the State of New York.

## JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.  Additionally, jurisdiction is vested in this Court pursuant to 40 U.S.C. §§ 3131 & 3133.

6.    Venue in this district is proper pursuant to the forum selection clause contained within the subcontract agreement executed by LMC and Defendant FKI.

## BACKGROUND

7.    Upon information and belief, on or about June 22, 2004, Defendant FKI, as general contractor, and the United States Postal Service ("USPS"), as owner, entered into a contract for the general construction of the Airline Receiving Concourse and Tray Mail Takeaway Transport Conveyor at the New York International Service Center at JFK Airport (the "General Contract").

8.    On or about July 2, 2004, in connection with the General Contract and pursuant to 40 U.S.C. § 3131, Defendant Travelers issued a labor and material payment bond (the "Bond") on behalf of Defendant FKI, as bond principal, bearing a bond number 104297063, for the protection of all persons supplying labor and materials in the prosecution of the work provided for in the General Contract.

HARRIS BEACH
ATTORNEYS AT LAW

**The Subcontract**

9.    On or about December 20, 2004, LMC entered into a subcontract agreement (the "Subcontract") with Defendant FKI, wherein LMC agreed to perform certain labor and provide certain materials, including, but not limited to, mechanical field installation for the Airline Receiving Concourse and Tray Mail Takeaway Transport Conveyor as set forth under the Subcontract.

10.    Pursuant to the Subcontract, LMC agreed to perform its subcontract scope of work for the price of $7,418,552.00.

11.    In addition to the work set forth within the original scope of the Subcontract, LMC performed extra work, at the express request of Defendant FKI, for the amount of $2,372,715.94.

12.    LMC also incurred extra costs in the amount of $95,770.00 associated with its installation of a "Deluge Sprinkler System", per the express request of the Owner and Defendant FKI, for which LMC is entitled to reimbursement pursuant to the Subcontract.

13.    Specifically, the original contract documents required LMC to supply conventional sprinkler heads to connect to existing piping.  However, per the express request of the Owner and Defendant FKI, LMC was required to provide a "Deluge Sprinkler System" at additional costs and expenses in the amount of $95,770.00.

14.    Additionally, as a result of Defendant FKI's breach of the Subcontract, LMC has incurred additional costs and expenses in an amount currently ascertained to equal or exceed the sum of $100,000.00.

15.    LMC has performed all work under the Subcontract, including all extra work, in a good and workmanlike manner.

16.    Upon information and belief, all work performed by LMC, including all extra work, has been accepted by Defendant FKI.

17.    Despite LMC's performance of all work under the Subcontract, including all extra work, in a good and workmanlike manner, Defendant FKI has failed to pay LMC the sum of $736,518.62, plus interest, due under the Subcontract.  This amount is calculated as follows:

**Unpaid Invoices:**

| Invoice Number | Invoice Amount | Description of Work |
|---|---|---|
| 17649 | $107,647.75 | Extended overhead through Sept. '06 |
| 17494 | $ 16,378.00 | CO 13 & CO 16 partial billings |
| 17530 | $ 11,407.07 | CO 17 (b-g) |
| 17641 | $ 58,184.50 | RFP 037 5th line at DIOSS, 039 4 lines AZ, 035 siding installation 75% complete |
| 17683 | $ 8,972.00 | Remaining of CO 17 |
| 17695 | $ 91,185.47 | Extended overhead |
| 17698 | $ 36,466.17 | CO 16, 18, 19 & 20 |
| 18076 | $ 88,518.22 | Extended overhead for December |
| 18080 | $ 629.50 | Remaining balance CO 7 (r) |
| 18143 | $ 76,549.90 | Change order approved by FKI with no PO |
| Subtotal | $495,938.58 | |

| | | |
|---|---|---|
| Unpaid Retainage | $186,994.00 | |
| Deluge Sprinkler System Claim | $ 95,770.00 | |
| Additional Costs and Expenses | $100,000.00 | |
| Minus Credits owed on Subcontract | $142,183.96 | |
| **TOTAL DUE:** | **$736,518.62** | |

### COUNT ONE AS AGAINST FKI
### (BREACH OF SUBCONTRACT)

18.    LMC repeats and realleges each and every preceding paragraph as though fully set forth herein.

19.    Based on the foregoing, Defendant FKI has materially breached the Subcontract by virtue of its failure to pay LMC pursuant to the Subcontract.

20.    By reason of the foregoing, LMC has been damaged in an amount currently ascertained to equal or exceed the sum of $736,518.62, plus interest, costs, disbursements and reasonable attorneys' fees.

## COUNT TWO AS AGAINST FKI
## (ACCOUNT STATED)

21.    LMC repeats and realleges each and every preceding paragraph as though fully set forth herein.

22.    LMC has submitted invoices and claims to Defendant FKI for payment.

23.    Pursuant to these submissions, which include all changes orders, claims and retainage due and owing, LMC is entitled to payment from Defendant FKI in the amount of $636,518.62. Copies of LMC's unpaid invoices and claims are attached hereto as **Exhibit "A"** and made a part hereof.  Additionally, LMC has incurred additional costs and expenses in an amount currently ascertained to equal or exceed the sum of $100,000.00.

24.    Upon information and belief, Defendant FKI does not dispute the actual receipt of the unpaid invoices and claims for payment or the amounts due to LMC.

25.    Upon information and belief, Defendant FKI has not objected to the quality or quantity of the work performed by LMC.

26.    Based on the foregoing, there is an uncontroverted account stated in an amount not less than $736,518.62.

27.    By reason of the foregoing, LMC has been damaged in an amount currently ascertained to equal or exceed the sum of $736,518.62, plus interest, costs, disbursements and reasonable attorneys' fees.

## COUNT THREE AS AGAINST FKI
## (UNJUST ENRICHMENT/QUANTUM MERUIT)

28.    LMC repeats and realleges each and every preceding paragraph as though fully set forth herein.

29.     LMC provided valuable and good services at the request of Defendant FKI, which were accepted by Defendant FKI.

30.     Defendant FKI obtained substantial benefit as a result of the goods and services provided by LMC.

31.     As a result, LMC had, and continues to have, a reasonable expectation of fair and just compensation from Defendant FKI.

32.     To date, Defendant FKI has refused to fully compensate LMC for the goods and services it provided.

33.     Based on the foregoing, Defendant FKI has been unjustly enriched.

34.     By reason of the foregoing, LMC has been damaged in an amount currently ascertained to equal or exceed the sum of $736,518.62, plus interest, costs, disbursements and reasonable attorneys' fees.

**COUNT FOUR AS AGAINST TRAVELERS**
**(BREACH OF CONTRACT)**

35.     LMC repeats and realleges each and every preceding paragraph as though fully set forth herein.

36.     Based upon the foregoing, Defendant FKI has failed to pay LMC for labor and materials it provided for the prosecution of the work under the General Contract.

37.     As described in greater detail above, pursuant to the requirements of the Miller Act, Defendant Travelers issued a Bond on behalf of Defendant FKI, which provides for the protection of all persons supplying labor and materials in the prosecution of the work provided for in the General Contract.

38.     As set forth above, Defendant FKI has failed to pay LMC for labor and materials it supplied in the prosecution of the work provided for in the General Contract.

39.     Despite due demand, Defendant Travelers has failed to fully pay LMC for the labor and material it supplied in the prosecution of the work provided for in the General Contract.

HARRIS BEACH
ATTORNEYS AT LAW

40.     Defendant Travelers' failure to pay LMC is a material breach of the Bond.

41.     More than ninety (90) days have passed since LMC last performed work for which this claim is being made.

42.     LMC has satisfied any and all conditions precedent to bringing this action on the Bond.

43.     By reason of the foregoing, LMC has been damaged in an amount currently ascertained to equal or exceed the sum of $736,518.62, plus interest, costs, disbursements and reasonable attorneys' fees.

### JURY DEMAND

44.     Plaintiff LMC hereby demands a jury trial on all counts set forth herein.

**WHEREFORE**, Plaintiff LMC Industrial Contractors, Inc. respectfully respects that the Court grant judgment as follows:

A.     On Count One, for judgment against Defendant FKI Logistex Integration Inc. in an amount currently ascertained to equal or exceed the sum of $736,518.62, plus interest, costs, disbursements and reasonable attorneys' fees.

B.     On Count Two, for judgment against Defendant FKI Logistex Integration Inc. in an amount currently ascertained to equal or exceed the sum of $736,518.62, plus interest, costs, disbursements and reasonable attorneys' fees.

C.     On Count Three, for judgment against Defendant FKI Logistex Integration Inc. in an amount currently ascertained to equal or exceed the sum of $736,518.62, plus interest, costs, disbursements and reasonable attorneys' fees.

D.     On Count Four, for judgment against Defendant Travelers Casualty and Surety Company of America in an amount currently ascertained to equal or exceed the sum of $736,518.62, plus interest, costs, disbursements and reasonable attorneys' fees.

E.     Such other and further relief as this Court deems just and proper.

HARRIS BEACH
ATTORNEYS AT LAW

Dated: April 10, 2007

                              Yours, etc.,

                              **HARRIS BEACH PLLC**


                        By:___s/Gavin M. Lankford_____
                              Gavin M. Lankford (GL 7173)
                              Edward P. Hourihan, Jr. (pending admission)
                              *Attorneys for Plaintiff*
                              99 Garnsey Road
                              Pittsford, New York 14534
                              Telephone:  585. 419-8800
                                *glankford@harrisbeach.com*

TO:    FKI LOGISTEX INTEGRATION INC.
       5384 Poplar Avenue
       Memphis, Tennessee 38119

       TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA
       One Tower Square
       Hartford, Connecticut 06183


222899 822057.2

HARRIS BEACH
ATTORNEYS AT LAW