UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA FOR THE USE
AND BENEFIT OF LMC INDUSTRIAL
CONTRACTORS, INC.,

                        Plaintiff,      **ANSWER AND COUNTERCLAIM**

                        v.

FKI LOGISTEX, INC., FNA FKI LOGISTEX      Civil Action No. 07 CV 2925
INTEGRATION INC. and TRAVELERS
CASUALTY AND SURETY COMPANY OF
AMERICA,

                        Defendants.
------------------------------------x

       Defendants FKI Logistex, Inc., fna FKI Logistex Integration Inc. ("FKI") and Travelers Casualty and Surety Company of America ("Travelers"), by their attorneys Satterlee Stephens Burke & Burke LLP, as and for their answer and counterclaim, respectfully show and allege as follows:

       1.     Admit LMC alleges the substance of its claims and otherwise deny the allegations contained in paragraph "1" of the Complaint.

       2.     Admit, upon information and belief, the allegations contained in paragraph "2" of the Complaint.

       3.     Admit the allegations contained in paragraph "3" of the Complaint, except deny the principal place of business is located in Memphis, Tennessee, and state it is located in St. Louis, Missouri.

       4.     Admit the allegations contained in paragraph "4" of the Complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint.

6. Admit the allegations contained in paragraph "6" of the Complaint.

7. Admit, upon information and belief, the allegations contained in paragraph "7" of the Complaint.

8. Deny the allegations contained in paragraph "8" of the Complaint, except admit Travelers issued a payment and performance bond on behalf of FKI bearing number 104279063 and respectfully refer the Court to the provisions of the bond for its coverage.

9. Admit generally the allegations contained in paragraph "9" of the Complaint, except state that the Court is respectfully referred to the subcontract for the actual terms and conditions thereof.

10. Admit the allegations contained in paragraph "10" of the Complaint, except state that the Court is respectfully referred to the subcontract for the actual terms and conditions thereof.

11. Deny the allegations contained in paragraph "11" of the Complaint, except admit that LMC agreed to perform certain extra work for additional sums at the request of FKI and agree that the provision of extra work resulted in change orders, for the actual amount and nature of which the Court is respectfully referred to the general Contract and Subcontract and the change orders issued with respect thereto.

12. Deny the allegations contained in paragraph "12" of the Complaint, except admit that LMC installed a "Deluge Sprinkler System" that LMC advised it incurred as a result additional cost in the in the amount of $95,770, that FKI has requested payment in such amount from USPS, the owner, and that if the USPS agrees such system was not part of the agreed upon

contractual scope of work and when FKI receives payment in such amount form the owner, it will promptly remit appropriate proceeds to LMC.

13. Admit the allegations contained in paragraph "13" of the Complaint.

14. Deny the allegations contained in paragraph "14" of the Complaint.

15. Deny the allegations contained in paragraph "15" of the Complaint, except admit that the majority of the work was performed by LMC generally in accordance with the provisions of the subcontract.

16. Deny the allegations contained in paragraph "16" of the Complaint, except admit that significant portion the majority of the work and services performed by LMC have been accepted by FKI.

17. Deny the allegations contained in paragraph "17" of the Complaint, except admit that FKI has failed to pay LMC the sum of $736,518.62, deny that the entirety of such sum is or was due and owing under the subcontract, admit that certain items set forth in that paragraph are not disputed by FKI, but assert that, *inter alia*, said sums have not been paid as a result of disputes concerning certain claims asserted by LMC and back charges, set-offs and counterclaims of FKI against LMC.

## ANSWERING COUNT ONE OF THE COMPLAINT

18. Defendants repeat, reiterate and reallege as to paragraph "18" each and every admission and denial heretofore made to the allegations contained in paragraphs "1" through "17" inclusive of the Complaint, with the same force and effect as if the same were hereinafter more fully set forth at length.

19. Deny the allegations contained in paragraph "19" of the Complaint.

20. Deny the allegations contained in paragraph "20" of the Complaint.

3

695069_5

## ANSWERING COUNT TWO OF THE COMPLAINT

21. Defendants repeat, reiterate and reallege as to paragraph "21" each and every admission and denial heretofore made to the allegations contained in paragraphs "1" through "20" inclusive of the Complaint, with the same force and effect as if the same were hereinafter more fully set forth at length.

22. Admit the allegations contained in paragraph "22" of the Complaint.

23. Deny the allegations contained in paragraph "23" of the Complaint, except admit LMC has submitted invoices and claims, which have remained unpaid, and state a number of unpaid invoices and claims have been continuously disputed by FKI and that FKI has set-offs, back charges and counterclaims against LMC.

24. Admit it received invoices and claims for payment which heretofore have not been paid, but deny some or all of such claims are due and owing and assert that there are in existence set-offs, back charges and counterclaims of FKI against LMC.

25. Deny the allegations contained in paragraph "25" of the Complaint and specifically assert that FKI has objected to the quality and quantity of certain work performed by LMC and has objected as well to its failures to perform certain work, and as to LMC's delays and having failed to return to the job site in January 2007 to complete its contractual scope of work and to other prior work stoppages on its part in breach of contract.

26. Deny the allegations contained in paragraph "26" of the Complaint.

27. Deny the allegations contained in paragraph "27" of the Complaint.

## ANSWERING COUNT THREE OF THE COMPLAINT

28. Defendants repeat, reiterate and reallege as to paragraph "28" each and every admission and denial heretofore made to the allegations contained in paragraphs "1"

695069_5

through "27" inclusive of the Complaint, with the same force and effect as if the same were hereinafter more fully set forth at length.

29. Deny the allegations contained in paragraph "29" of the Complaint, except admit that over the life of the project LMC performed a substantial part of the services required under its Subcontract and by change orders, many but not all of which, were accepted and approved by FKI.

30. Deny the allegations contained in paragraph "30" of the Complaint, except admit that LMC performed significant services under its Subcontract and approved change orders, but state that LMC failed and refused to complete the remaining portions of its work under its Subcontract, that portions of its work were defective and had to be repaired and corrected at significant cost and expense to FKI, that FKI is entitled to certain credits and back charges against LMC, and certain actions and delays by LMC in breach of its Subcontract caused damages to FKI, forming a portion of its counterclaims.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the Complaint, except admit LMC is entitled to be paid for all conforming, approved and accepted work, if any, over and above all known credits, offsets, back charges and counterclaims due and owing to FKI.

32. Deny the allegations contained in paragraph "32" of the Complaint, and specifically state that while certain invoices from LMC for contract work and change order work remain unpaid, LMC is indebted to FKI for certain credits, back charges and counterclaims, as hereinafter set forth in this Answer and Counterclaim.

33. Deny the allegations contained in paragraph "33" of the Complaint.

34. Deny the allegations contained in paragraph "34" of the Complaint.

695069_5

## ANSWERING COUNT FOUR OF THE COMPLAINT

35. Defendants repeat, reiterate and reallege as to paragraph "35" each and every admission and denial heretofore made to the allegations contained in paragraphs "1" through "34" inclusive of the Complaint, with the same force and effect as if the same were hereinafter more fully set forth at length.

36. Deny the allegations contained in paragraph "36" of the Complaint.

37. Deny the allegations contained in paragraph "37" of the Complaint, except admit that Travelers issued a performance and payment bond on behalf of FKI, specifically refer the Court to the bond for the actual terms and conditions thereof, and refer all issues of law for their proper interpretation and determination to this Court.

38. Deny the allegations contained in paragraph "38" of the Complaint.

39. Deny the allegations contained in paragraph "39" of the Complaint, except admit that Travelers has failed to accede to LMC's demand to make payment of the claims set forth in this Complaint and specifically state that no funds are due and owing from Travelers to LMC under the terms of the bond.

40. Deny the allegations contained in paragraph "40" of the Complaint.

41. Admit the allegations contained in paragraph "41" of the Complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "42" of the Complaint.

43. Deny the allegations contained in paragraph "43" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

44. The Complaint fails to set forth claims upon which relief may be granted.

695069_5

Case 1:07-cv-02925-LAP    Document 5    Filed 06/08/2007    Page 7 of 12

## SECOND AFFIRMATIVE DEFENSE

45. Plaintiff is barred and estopped from maintaining its claims due to its acts and conduct, including unclean hands.

## THIRD AFFIRMATIVE DEFENSE

46. Plaintiff has waived its rights to maintain its claims against FKI.

## FOURTH AFFIRMATIVE DEFENSE

47. Plaintiff's claims are barred in whole or in part due to setoffs and credits to which FKI is entitled.

## AS AND FOR A FIRST SETOFF AND COUNTERCLAIM ON BEHALF OF FKI

48. At all times hereinafter mentioned, FKI was and is a Delaware corporation with a principal place of business located in St. Louis, Missouri, and was and is duly authorized and qualified to conduct business in the State of New York.

49. At all times hereinafter mentioned, FKI was awarded work to act as a general contractor for the USPS for the general construction of the Airline Receiving Concourse and Tray Takeaway Transport Conveyor at JFK Airport (the "General Contract").

50. In connection with such contract, FKI was issued a payment and performance bond, number 104297063, by co-defendant Travelers, a Connecticut corporation with its principal place of business located in the City of Hartford, State of Connecticut.

51. Upon information and belief, at all times hereinafter mentioned, LMC was and is a New York corporation with its principal place of business located in Avon, New York.

52. On or about December 20, 2004, FKI entered into a subcontract (the "Subcontract") with LMC, under which LMC agreed to perform certain labor and provide certain

7

695069_5

materials relating to installing in the field the required conveyor systems and associated equipment and materials at JFK Airport.

53. The Subcontract price was in the sum of $7,418,552. For such consideration, LMC agreed to perform the entire Subcontractual scope of work as set forth in all the contract documents, including, inter alia drawings, plans and specifications. Except for retainage, LMC has received payment for all work performed under the Subcontract.

54. During the course of the project, LMC also received extra work and change orders amounting to more than an additional $2,300,000, for the vast bulk of which it has received payment from FKI.

55. On several occasions during the course of the project, LMC improperly and in breach of contract reduced its own forces and/or stopped work and removed its forces from the site. The first such occasion was on or about June 8, 2006, for approximately one week, and subsequently, in or about December 2006, it again stopped all work, removed its forces from the site, and failed and refused, despite demand from FKI, to remobilize at the job site in January, 2007 after the holiday season. In breach of contract LMC on two or three occasions, as noted, willfully reduced its field workforce, delaying project completion. The actions of LMC constituted a material breach of the Subcontract and caused substantial damage to FKI.

56. At the time LMC left the job site in December 2006, portions of its Subcontract work had not yet been completed. As a result of LMC's breach, FKI was forced and required to incur significant expense through the engagement and use of other contractors and its own forces to complete the Subcontract work which LMC had agreed, but which nevertheless failed and refused to fully and completely perform.

695069_5

57. Among other things, the remaining work which LMC failed and refused to perform included providing the 45-day field test support for the entire system; testing of the Deluge Sprinkler System in the presence and with the approval of the USPS and the Port Authority of New York and New Jersey, the owner of the facility; installing the weather shroud/hood over portions of the conveyor system; cleaning the storage area, conveyor system and associated equipment as required by the Subcontract; repairing damaged siding; installing draft curtains; installing the balance of side guard covers and nameplates; installing X-bracing on the bulk conveyor in the ARC; repairing damage it had caused to electrical conduits and cables; performing required aligning of tray and bulk conveyor sections; and, among other things, cleaning and removal of trailers and materials at trailer site.

58. FKI paid various other contractors to perform such work and, as well, performed some of the unfinished, uncompleted work with its own forces, thereby incurring costs of approximately $190,000.

59. In 2006, the USPS removed a portion of the work from FKI's General Contract, which in turn caused a reduction with respect to conveyors F-13 and TFC1-9 in the scope of work under LMC's Subcontract. There is, consequently, an undisputed credit to which FKI is entitled from LMC in the amount of $53,280.

60. In addition, LMC concedes that FKI paid LMC the sum of $68,552 as part of the overall Subcontract price for the obtaining by LMC of a payment and performance bond. In breach of the Subcontract, LMC never obtained the payment and performance bond, and it has heretofore conceded it owes such sum as a credit on its Subcontract to FKI.

61. FKI was also required and compelled to expend the sum of $20,747.17 to correct damage caused by LMC to cables and conduits of the USPS and an additional $8,354 to

695069_5

complete the installation of siding which had been improperly installed by LMC, all of the foregoing totaling $29,101.17.

62. Heretofore, notice of these claims, credits and back charges were furnished to LMC by FKI, both orally and in writing, but, despite due demand, no payment has been made.

63. As a result of the foregoing, FKI is entitled to recover damages from LMC in the approximately amount of $336,000, together with interest thereon.

### AS AND FOR A SECOND COUNTERCLAIM ON BEHALF OF FKI

64. FKI repeats, reiterates and realleges each and every allegation heretofore made in paragraphs "47" thorough "63" inclusive of this Answer and Counterclaim, with the same force and effect as if the same were hereinafter more fully set forth at length.

65. In or about January, February and March, 2006, the contractual documents applicable to LMC's scope of work required LMC to install certain critical parts of the project known as motorized "spiral turns" in the conveyor system in a certain time sequence. In particular the schedule which had been created with and reviewed and approved by LMC, required the existing sorter discharge slides to be removed and spiral turns to be installed in their place simultaneously in two (2) different project work areas. The schedule thus required that LMC have crews in two (2) different project areas to remove the existing discharge slides and replace them with spiral turns.

66. The installation of the spiral turns in a proper sequence and manner, in accordance with the schedule, was critical and, as LMC knew or should have known, would have a major impact on the timely completion of the overall project by FKI inasmuch as other

scheduled critical work could not be performed until such turns were installed. Consequently, installation delays by LMC in turn caused delays to FKI in completing its own work.

67. Upon information and belief, LMC failed and refused to adequately staff its field forces so that it only had sufficient personnel available at the job site to install one of such sets of spiral turns at one job area at a time. As a consequence, FKI requested and demanded that LMC increase its personnel on the project in order to accomplish these crucial installations in a timely manner and in accordance with contractual schedules and documents.

68. Despite due demand from FKI and USPS, LMC failed and refused to adhere to the schedule, as a direct result of which, FKI's work and the overall completion of its work was delayed approximately 8 weeks.

69. The delays resulted in FKI incurring additional direct costs of approximately $5,000 personnel costs of approximately $107,000, aggregating $112,000 for the 8-week period.

70. As a direct result of LMC's material breaches, FKI was damaged in the sum of $112,000, together with interest thereon from in or about March, 2006.

WHEREFORE, FKI and Travelers demand judgment against LMC as follows:

1. Dismissing the Complaint with prejudice and on the merits;

2. Granting FKI damages on its First Counterclaim in the amount of $336,000, together with interest thereon at the judicial rate of 9%;

3. Granting FKI damages on its Second Counterclaim in the amount of $112,000, together with interest thereon at the judicial rate of 9%; and

4. The costs and disbursements of this action altogether with attorneys' fees

695069_5

and such other and further relief as to this Court may seem just and proper.

Dated:   New York, New York
         June 8, 2007

SATTERLEE STEPHENS BURKE & BURKE LLP

By: _____
    Paul M. Brown (PB8135)
    Benjamin Means (BM5470)
230 Park Avenue
New York, New York  10169
Telephone: 212-818-9200
Fax: 212-818-9606
Attorneys for Defendants FKI Logistex,
Inc., FNA FKI Logistex Integration Inc. and
Travelers Casualty and Surety Company of
America

TO:   Gavin M. Lankford (GL7173)
      Edward P. Hourihan, Jr. (pending admission)
      Attorneys for Plaintiff LMC Industrial Contractors, Inc.
      99 Garnsey Road
      Pittsford, New York  14534
      Telephone:  585-419-8800